In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00009-CR


______________________________




JANIS WELLS PIERCE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 020603-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Janis Wells Pierce appeals the judgment of the 124th Judicial District Court of Gregg County
revoking her probation. The trial court sentenced her to ten years' confinement. She contends that
the trial court erred in denying her motion for continuance and that the evidence is insufficient to
support the trial court's order of revocation.

FACTUAL AND PROCEDURAL BACKGROUND

 On August 11, 1993, Pierce pled guilty to a charge of theft by worthless check. The trial
court assessed punishment at ten years' imprisonment, probated for five years. In 1994, the State
applied to revoke probation, alleging Pierce had failed to report to her probation officer and to make
payments for supervision, restitution, and court costs. At the revocation hearing, she entered a plea
of true to the allegations, and the trial court allowed her to remain on probation but extended the
probation to the full ten years.

 On July 31, 2001, the State applied again to revoke Pierce's probation. The State abandoned
the first allegation in its application to revoke. The second allegation, the one on which the trial
court entered its judgment revoking probation, is as follows:

 That the defendant, JANIE WELLS PIERCE, has violated Condition (1) of her
probation (1) in that on or about the 11th day of December 1998, in Gregg County,
Texas, the defendant, JANIE WELLS PIERCE, did then and there, with the intent to
defraud and harm another, make a writing so that it purported to be the act of A.K.
Bobbitt, who did not authorize the act, and said writing was a check of then [sic]
tenor following: 


























(Emphasis added.) At the revocation hearing, the State presented evidence that Pierce had entered
her name as payee on a check tendered by her employer's client with the payee line left blank,
endorsed the check, and cashed it at a local convenience store.

 In defense, Pierce asserted that her employer had instructed her to make the check payable
to herself and to use the money to buy office supplies. To support this defense, Pierce sought access
to the employer's tax documents and office receipts to bolster her credibility and to show the check
in question was negotiated according to standard office procedure. Pierce's attorney made an oral
motion for continuance in order to gain access to and review these records. The trial court denied
this oral motion and revoked probation. Pierce appeals.

DENIAL OF CONTINUANCE

 When a point of error is properly before this Court, we review a trial court's denial of a
motion for continuance for an abuse of discretion. A motion for continuance, however, that is not
in writing and not sworn preserves nothing for review. Tex. Code Crim. Proc. Ann. arts. 29.03,
29.08 (Vernon 1989); see O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). The record
indicates no written, sworn motion for continuance was ever before the trial court. Counsel's
declaration: "We're not ready, Your Honor" fails to meet the requirements for a motion for
continuance that properly preserves error for appellate review. Therefore, we cannot review the trial
court's denial of Pierce's motion for continuance. See Tex. R. App. P. 33.1. We overrule Pierce's
first point of error.

SUFFICIENCY OF THE EVIDENCE

 Pierce's second point of error challenges the sufficiency of the evidence at the revocation
hearing on two separate issues: whether the application's charge of "making" the check was a fatal
flaw and whether Pierce was properly identified in the application. (2) We review the trial court's
decision regarding probation revocation for an abuse of discretion and examine the evidence in a
light most favorable to the trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. 1981). To revoke probation, the State must prove every element of at least one ground for
revocation by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12, § 21
(Vernon Supp. 2003); Moore v. State, 11 S.W.3d 495, 498 (Tex. App.-Houston [14th Dist.] 2000,
no pet.). The trial court holds very broad discretion over community  supervision,  its  revocation,
 and  its  modification.  See  Tex.  Code  Crim.  Proc. Ann. art. 42.12, § 21. Considering the
unique nature of the revocation hearing and the trial court's broad discretion in the proceedings, the
general standards for reviewing factual sufficiency do not apply. See Cochran v. State, 78 S.W.3d
20, 27 (Tex. App.-Tyler 2002, no pet. h.); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.-El Paso
2000, no pet.). If the greater weight of credible evidence creates a reasonable belief a defendant has
violated a condition of his or her probation, the trial court's order of revocation did not abuse its
discretion and must be upheld. Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974).

Appellant as "Maker"

 Texas courts have traditionally recognized that an application to revoke is held to a less
rigorous standard than an indictment or information. An application to revoke probation need not
meet the specificity requirements of an indictment or information. Chacon v. State, 558 S.W.2d 874,
876 (Tex. Crim. App. 1977); Tamez v. State, 534 S.W.2d 686, 689 (Tex. Crim. App. 1976). It is
sufficient that the State allege a violation of the law and give the probationer fair notice. Chacon,
558 S.W.2d at 876. A person on community supervision is entitled to a written application to revoke
that fully informs him or her of the term of probation he or she is alleged to have breached. The
application must clearly set out the basis on which the State seeks revocation so that a probationer
and his or her counsel have fair notice. See Leyva v. State, 552 S.W.2d 158, 162 (Tex. Crim. App.
1977); Tamez, 534 S.W.2d at 689.

 Where, as here, the State alleges a violation of the condition that a probationer refrain from
committing an offense against the law, the State need not use the same precise terms as necessary
in an indictment allegation. Bradley v. State, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980). At a
hearing on an application to revoke probation, guilt or innocence is not at issue, and the trial court
need not determine the defendant's original criminal culpability, only whether the probationer broke
the contract made with the trial court to receive a probated sentence. See Moore, 11 S.W.3d at 499. 
Revocation is proper if the evidence is sufficient to support the trial court's finding that the
probationer committed an offense in violation of the condition of probation that he or she commit
no offense against state or federal law. See Chacon, 558 S.W.2d at 876.

 Pierce contends the evidence was insufficient to prove she "made" a writing so it purports
to be the act of A. K. Bobbitt. Pierce argues Bobbitt completed and signed the check in question,
leaving only the payee portion blank. Since Bobbitt intended to leave it blank, Pierce argues, he had
performed every act he intended as maker. Further, she urges, Bobbitt left the line blank so Pierce
could complete it. Therefore, Pierce claims, her act of signing her name as payee, endorsing the
check, and presenting it to the store to get cash did not constitute "making" a writing and was not an
unauthorized act with respect to the original maker of the check. Essentially, Pierce claims that she
was not the maker of the check, that Bobbitt was, and that none of Pierce's actions changed that fact.

 The State alleges Pierce "did then and there, with the intent to defraud and harm another,
make a writing so that it purported to be the act of A.K. Bobbitt, who did not authorize the act." 
(Emphasis added.) The application then incorporates a copy of the check at issue, as we have above,
providing copies of both the front and back of the check. A person commits the offense of forgery
when he or she "makes, (3) alters, completes, executes, or authenticates any writing so that it appears
to be the act of another who did not authorize that act." Tex. Pen. Code Ann. § 32.21(a)(1)(A)(i)
(Vernon 2003).

 A similar question was before the court in Nunez, on which Pierce relies, where the State's
indictment alleged that the defendant "did . . . alter and make and complete and execute and
authenticate a writing so that it purports to be the act of another." (4) Nunez v. State, 940 S.W.2d 710,
712 (Tex. App.-El Paso 1996, no pet.). By so alleging, the State undertook by its indictment the
higher burden of proving that Nunez performed all five modes of committing forgery. Id. at 713. 
Evidence at trial showed Nunez was co-payee on an insurance settlement check. Id. at 712. Nunez
then forged the endorsement of his client, the other co-payee, and deposited the check in his account
and made no disbursement. Id. The State failed to produce evidence that Nunez was the "maker"
of the check. Id. at 713. In fact, the evidence clearly showed that the insurance company was the
maker of the check. Id. Therefore, the evidence was insufficient to prove the defendant committed
the crime as alleged, and the court reversed the forgery conviction. Id. at 713-14.

 The State distinguishes Pierce's case from Nunez by pointing out that Nunez was a co-payee
on the settlement check and did not fill in the payee portion. Nunez also forged the name of another,
while Pierce signed only her name on the endorsement. The State argues that the differences
between the cases call for a different conclusion in the instant case. These factual distinctions
plainly exist, but they would not result in a different outcome. The most vital distinction between
Nunez and the instant case lies in the nature of the proceedings. Nunez involved an indictment,
which is held to a much more rigorous standard than an application to revoke probation. Further,
the indictment in Nunez charged that Nunez did "alter and make and complete and execute and
authenticate" the check, creating a near impossibility for the State to prove in even the most extreme
case.

 Pierce's position finds some support in commercial paper law. She did not "make" the check;
she "completed" it. We must, however, apply this general principle within the procedural context
of a revocation hearing in accordance with the well-established standards for this procedure. Pierce,
like the probationer in Dittoe, was put on notice that she would be called to defend a charge based
on actions she took with respect to the check written on the account of A. K. Bobbitt. See Dittoe v.
State, 935 S.W.2d 164, 165 (Tex. App.-Eastland 1996, no pet.). The State's application satisfied
the standard set forth in Bradley in that it fully and clearly provided Pierce with the condition of her
probation of which the State would allege a violation, provided a date and location of the offense,
and identified the parties involved. Further, the State, as it did in Dittoe, incorporated in its motion
a copy of the front and back of the check which was central to the offense. By doing so, the State
left no doubt or surprise as to what actions would be the State's basis for revocation.

 Examination of the application to revoke as a whole reveals its allegations that, on or about
December 11, 1998, in Gregg County, Texas, Pierce broke the law when she, with fraudulent intent,
"ma[d]e" a check of A. K. Bobbitt without authorization. It then included a copy of both sides of
the check, revealing to Pierce the instrumentality of the crime. In doing so, it notified her, from the
central piece of evidence in the case, of the events in which she was central and which the State
would ultimately prove, constituting her commission of a crime, to-wit: that Bobbitt filled out and
signed the check, leaving a blank for Pierce to complete with the name of her employer as payee, and
that she, instead, filled in her own name as payee and subsequently endorsed the check for 
appropriation to her own use. The application to revoke did not specify the Texas Penal Code section
violated or name the offense of forgery, but instead used language which mistakenly charged that
Pierce committed forgery by "making" the check. As proven by the State, Bobbitt signed the check,
thus "making" the check, and Pierce added her name as payee, thus "completing" the check.

 The defect in the application and the resulting proof variance, though unfortunate, were not
misleading or surprising to Pierce as she prepared and presented her defense; and that decides the
central question before us. Because the defects in the application to revoke did not mislead or
surprise Pierce, and therefore did not prejudice her defense, neither they nor the variance between
allegations and proof were fatal.

 In Bradley, the State alleged the probationer committed an offense in violation of the terms
of his probation. Bradley, 608 S.W.2d at 655. The State included a description of the offense in
order to "apprise him of the name of the victim of the offense and the manner in which it was
committed." Id. In that description, the State alleged "Bradley did . . . intentionally cause the death
of . . . Barnes, by hitting him on the head with a hammer," but proved the cause of death was a stab
wound, not a hammer blow. Id. The Texas Court of Criminal Appeals held that this variance as to
how the offense was committed was not a fatal one, that the evidence was sufficient to support the
trial court's determination that Bradley committed an offense in violation of his probation, and that
his probation should be revoked on that basis. Id.

 The probationer in Dittoe lodged a point of error asserting insufficiency of the evidence to
support the revocation of his community supervision for committing the offense of forgery. Dittoe,
935 S.W.2d at 165. While the State's application had alleged that the writing in question purported
to be an act of Loretta Pearl Allison, the evidence showed the name on the check was D. E. Allison. 
Id. In affirming the revocation of Dittoe's probation, the court noted the well-established rule that
the allegations in an application to revoke are held to a less rigorous standard than those in an
indictment and that the evidence showed Dittoe violated the terms of his community supervision. 
Specifically, the court reasoned, Dittoe was put on sufficient notice of the charge because the State
had incorporated into its application, as was done here, a copy of the check at issue, and the State's
evidence at the revocation hearing supported the offense in accordance with the details as reflected
on the check. See id.

 In Moore, the State's application to revoke contained an allegation of forgery that referenced
a different serial number of a $50.00 bill than the serial number shown at the revocation hearing. 
Moore, 11 S.W.3d at 499. Acknowledging that the fatal variance doctrine applies to a revocation
hearing, the court in Moore re-emphasized that not every variance between pleadings and proof is
fatal; only a material variance is fatal. Id. at 499-500. The variance is only material if it operated
to the defendant's surprise or prejudiced his or her rights. Id. The court relied on these variance
rules and the less rigorous standard for applications to revoke and held that (1) the variance between
the serial numbers on the bill was not fatal to the revocation hearing, and (2) the evidence presented
at the hearing was sufficient to prove Moore committed a criminal offense after being placed on
probation. Id.; see also Taylor v. State, 592 S.W.2d 614, 616 (Tex. Crim. App. 1980) (finding
variance not fatal and evidence sufficient though State alleged incorrect name of community-based
program when probationer acknowledged oral modification that changed program he was to attend).

 Admittedly, the variance before us is more significant than the mere omission of a single digit
in a serial number on a counterfeit bill. But the precise way in which Pierce committed forgery (and
thus violated her probation), whether by "making" or "completing" the check, was not material
because the defective language in the motion to revoke did not operate to her surprise or prejudice. 
See Moore, 11 S.W.3d at 500. Therefore, it should not cause a reversal of her revocation. The way
the Texas Court of Criminal Appeals has reasoned its way through similar circumstances confirms
that this conclusion is correct.

 In Leyva, the defendant asserted the motion to revoke his probation was defective, and thus
would not support revocation, because it failed to allege the intent element of the offense of theft,
asserted to revoke the defendant's probation. The Texas Court of Criminal Appeals affirmed the
revocation because it concluded the defect in the motion to revoke could not have misled the
defendant and he "had fair notice as to how he was alleged to have violated his probationary
conditions so as to enable him to prepare a defense and to determine what witnesses to subpoena." 
Leyva, 552 S.W.2d at 162. In reaching its conclusion, the court used the following course of
reasoning:

 The allegations in a motion to revoke probation do not require the same
particularity of an indictment or information. Wilcox v. State, 477 S.W.2d 900 (Tex.
Cr. App. 1972); Tamez v. State, 534 S.W.2d 686 (Tex. Cr. App. 1976); Ablon v.
State, 537 S.W.2d 267 (Tex. Cr. App. 1976).


 All that is required is that the motion to revoke should fully and clearly set
forth the basis upon which the State seeks revocation so that a defendant and his
counsel might be informed as to that upon which he will be called to defend.


 In Kuenstler v. State, 486 S.W.2d 367 (Tex. Cr. App. 1972), we held that the
trial court erred in failing to sustain a motion to quash a motion to revoke probation
where the motion merely alleged that the probationer "[committed] the offense of
Felony Theft, subsequent to being placed on probation." There we stated:


 ". . . The motion was couched in such general terms as to give the
appellant no notice as to how he had violated his probationary conditions or
to enable him to prepare a defense or to determine what witnesses to
subpoena. No dates were alleged, the name of the injured party in the felony
theft was not disclosed, nor were there other details alleged."


 In Garner v. State, 545 S.W.2d 178 (Tex. Cr. App. 1977), the motion to
revoke alleged that:


 ". . . the defendant did on or about the 16th day of December, 1974,
commit the offense of theft in Harris County, Texas, as alleged in the
indictment for that offense that was filed in the 174th Criminal District Court
of Harris County, Texas, in Cause No. 223,979."


 There we held that the trial court erred in failing to sustain a motion to quash the
revocation motion and stated:


 ". . . The general allegation that appellant on or about December 16,
1974, committed the offense of theft in Harris County, without further
identification of the offense alleged to have been committed, did not give
appellant or his counsel sufficient notice of the offense on which the State
relied for revocation."


Leyva, 552 S.W.2d at 162 (footnote omitted). 

 In Chacon, the Texas Court of Criminal Appeals was faced with another motion to revoke
at variance with the proof used to revoke the defendant's probation. The motion, in pertinent part,
alleged that Chacon "on or about 2-23-76" failed "to avoid injurious or vicious habits: To-wit: The
use of heroin." The State proved only one use of heroin by the defendant, not a "habit." Chacon,
558 S.W.2d at 875. The court concluded the variance was not fatal, reasoning as follows:

 It is well settled that allegations in a revocation motion need not be made with
the same particularity of an indictment although such allegations must be specific
enough to give the accused notice of alleged violation of law contrary to conditions
of probation. Wilcox v. State, 477 S.W.2d 900 (Tex. Cr. App. 1972); Rhodes v. State,
491 S.W.2d 895 (Tex. Cr. App. 1973); Mason v. State, 495 S.W.2d 248 (Tex. Cr.
App. 1973); Fowler v. State, 509 S.W.2d 871 (Tex. Cr. App. 1974); Tamez v. State,
supra. While the motion here was drafted in terms of failure to avoid injurious or
vicious habits, it also alleged the use of heroin contrary to the underscored portions
of conditions (b) and (i) above. And none of the cases holding the single use of a
drug is not a habit involved probationary conditions like the underscored portions of
conditions (b) and (i) in the instant case. 


 At the conclusion of the hearing, the trial court found that appellant had
violated his probationary conditions by using heroin. There was no finding as to an
injurious or vicious habit, but only that appellant had used heroin, a violation of said
portions of conditions (b) and (i). At the time there was no objection to the court's
finding, although appellant's counsel urged that appellant be continued on probation
and be required to enter the drug abuse center at Vernon. 


 . . . .


 It is true that probation may not be revoked upon a finding of any violation
of any probationary condition other than that alleged or necessarily included within
the allegations of that alleged in the motion to revoke probation. Pickett v. State, 542
S.W.2d 868, 870 (Tex. Cr. App. 1976), and cases there cited. In the instant case,
while the revocation motion was not carefully drafted, it did allege the use of heroin
by appellant on February 23, 1976, which reflected a violation of the underscored
portions of conditions (b) and (i). While the allegation was preceded by "Failure to
avoid injurious or vicious habits: to-wit:" the appellant did not in the trial court nor
now claim he was misled as to what he was called upon to defend against. The court
did not base its finding upon a violation of a probationary condition separate and
distinct from the one alleged in the motion to revoke probation. 


Chacon, 558 S.W.2d at 876.

 We now examine the evidence presented at the revocation hearing to determine whether it
was sufficient to prove by a preponderance of the evidence that Pierce committed a violation of a
condition of her probation as alleged, specifically, forgery. At the hearing, the State produced the
canceled check, and Pierce conceded she filled in her name and endorsed the check. As in Bradley,
the variance here goes only to how the revoking offense was committed. Pierce's own testimony
reflects this conclusion; she did not defend on the basis that she did not receive the funds, nor on the
semantic point that she was not the "maker" of the check. She defended, instead, on the basis that
she had her employer's authorization to fill in her name as payee, that is, "complete" the check, and
receive the proceeds from it, in spite of her employer's testimony to the contrary. The trial court,
as fact-finder, obviously, and with sufficient evidence, believed her employer. Pierce's testimony
and the canceled check, along with the testimony of Bonnie Bobbitt and Pierce's employer,
sufficiently supported the finding that Pierce violated the terms of her probation by committing an
offense in accordance with the details reflected on the incorporated check. 

 To reverse this case, send it back for the district attorney to allege "on or about
2-23-76 Use of heroin" in a new revocation motion, have the same evidence heard,
and have probation revoked with the possibility of another appeal is unnecessary
spinning of the judicial wheels. We should not require a useless thing. Taylor v.
State, 482 S.W.2d 246 (Tex. Cr. App. 1972); Ramirez v. State, 486 S.W.2d 373 (Tex.
Cr. App. 1972); Rice v. State, 548 S.W.2d 725 (Tex. Cr. App. 1977).

Id. Nor will we require a useless thing. The application to revoke, though technically incorrect in
using the word "make" rather than "complete," did not mislead Pierce to her surprise or prejudice. 
She made no claim or objection that it did. Pierce was given fair notice by the motion to revoke and
was therefore afforded the real opportunity to prepare a defense without surprise. That was
sufficient.

Name in the Application

 Pierce contends the evidence was insufficient to show that the individual alleged committed
the conduct described in the State's application. By this, Pierce refers to the two instances where the
State entered the name "Janie Wells Pierce" rather than "Janis Wells Pierce." We must determine
whether the allegation at issue satisfies the minimum standards established for applications to revoke
probation. To do so, we must establish that the allegation in the application at hand fully and clearly
sets forth the State's basis for seeking revocation and provides Pierce and her attorney with fair
notice. Leyva, 552 S.W.2d at 162. Certainly, the application alleges actions that constitute a basis
for seeking revocation. See Tex. Pen. Code Ann. § 32.21(a)(1)(A). Condition one of Pierce's
probation prohibited Pierce from committing an offense against state or federal law. The record
shows she had notice of the basis on which the State would seek revocation. Pierce stated her name
to the trial court, acknowledged she was in court due to the State's effort to revoke her probation, and
indicated she understood the accusations set forth in the State's application. She stated her name
again before testifying at the hearing.

 The record further indicates Pierce had notice of the basis for revocation in that she prepared
a defense to the allegation, asserting her employer instructed her to complete and endorse the check. 
Additionally, Pierce's narrow focus on appeal, in looking only at the subparagraph containing the
State's allegation, fails to accommodate the fact that, in every other reference in the application and
in the entire record, the State refers to Pierce as "Janis Wells Pierce" and, in fact, specifically defines
"defendant" as "JANIS WELLS PIERCE." (Emphasis added.) Clearly, the individual referred to
is Appellant, and the misspelling is a typographical error that did not mislead or harm her in this
proceeding.

 Now that we have determined the allegation at issue was, in fact, sufficient under the less
rigorous standards for applications to revoke probation, the determination of the sufficiency of the
State's evidence to prove that Pierce committed the acts alleged becomes quite clear. Pierce readily
admits she is the individual who wrote her name in the payee portion of the check, endorsed the
check, and cashed it at the convenience store. At no time during the hearing did she claim otherwise. 
Her admission, along with testimony from several other witnesses supporting it, is sufficient
evidence that she was the individual named in the application.

 Examining the above evidence in a light most favorable to the trial court's order, we hold that
the trial court based its judgment on sufficient evidence and, therefore, did not abuse its discretion
by finding the State proved by a preponderance of the evidence that "Janis" Wells Pierce violated
the terms of her probation by committing forgery.

 We affirm the judgment of the trial court revoking Pierce's probation.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 20, 2003

Date Decided: June 10, 2003


Publish
1. Condition (1) of Pierce's probation provided that she "[c]ommit no offense against the laws
of Texas, any other state, or the United States."
2. For the sake of completeness, we also note Pierce's contention, embedded within this point
of error, that the evidence failed to show she acted with the intent to defraud Mr. and Mrs. Bobbitt. 
Such a showing was not necessary. The requisite intent to defraud is directed at "another." Tex.
Code Crim. Proc. Ann. art. 38.19 (Vernon 1979). The Texas Penal Code defines "another" as "a
person other than the actor." Tex. Pen. Code Ann. § 1.07(a)(5) (Vernon 2003). Here, Mrs. Bobbitt
testified the check was given as payment for services by Pierce's employer, and the employer testified
to the same. Having rendered services and not having received payment for those services, the
employer suffered harm sufficient to satisfy the forgery statute.
3. The Texas Penal Code does not define "make" with regard to the forgery statute. It does
provide that, unless the context calls for a different construction, sections of the Code Construction
Act control. Tex. Pen. Code Ann. § 1.05(b) (Vernon 2003); Tex. Gov't Code Ann. §§ 311.011-311.034 (Vernon 1998 & Supp. 2003). The context does not appear to call for any other construction
of the word "make" as it applies to forgery. Therefore, rules of construction found in the Code
Construction Act govern and require that the term "make" be used according to its particular,
technical meaning. Tex. Gov't Code Ann. § 311.011(b).
4. It is important to note that Nunez v. State, 940 S.W.2d 710 (Tex. App.-El Paso 1996, no
pet.) may not have had the same outcome in light of recent decisions of the Texas Court of Criminal
Appeals. See Gollihar v. State, 46 S.W.3d 243, 255-56 (Tex. Crim. App. 2001); Malik v. State, 953
S.W.2d 234, 239-40 (Tex. Crim. App. 1997). Since Nunez involved the allegation that the defendant
committed forgery by all five listed modes, it increased the State's burden of proof. Evidence
showed other modes asserted by the indictment, but not all of them. If the evidence were measured
against a hypothetically-correct jury charge, the additional burden would not have been placed on
the State. Pierce's case differs from Nunez in this respect. Only one method of committing forgery
was alleged in the application to revoke. See Curry v. State, 30 S.W.3d 394, 405 (Tex. Crim. App.
2000).