In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00065-CR
______________________________


FRANCISCO GUTIERREZ CRUZ, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30,587-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Francisco Gutierrez Cruz was convicted of the offense of burglary of a habitation. 
His punishment was assessed at ten years' imprisonment. Imposition of sentence was
suspended, and Cruz was placed on community supervision for a period of ten years. A
few weeks later, the State filed a motion to revoke community supervision, alleging Cruz
had violated the terms and conditions of his supervision by committing a new offense, theft
of a vehicle, and by failure to make payments, as ordered, during the first month of his
supervision, for restitution, supervision, court costs, and reimbursement for court-appointed
counsel. A hearing was held on the State's motion, and Cruz pled "not true" to the State's
allegations. At the conclusion of the hearing, the trial court found the allegations true,
revoked Cruz' community supervision, and imposed the original sentence of ten years'
imprisonment. Cruz appeals, contending the State presented insufficient evidence to
support the trial court's finding that he violated the terms and conditions of his community
supervision. We affirm.
Â Â Â Â Â Â Â Â Â Â David Growden, the victim, testified his 1998 Dodge Caravan was stolen from his
driveway. He testified that he did not loan his vehicle to Cruz and that he did not permit
Cruz to use or exercise control over it. James Fulmer, a police officer with the Longview
Police Department, testified he located Growden's vehicle in a park the day after it was
stolen. Fulmer "dusted" the minivan and recovered a fingerprint from the inside of the
driver's side window. Tim Eaton, a police officer with the City of Longview, submitted the
fingerprint recovered by Fulmer to compare it with the fingerprints of Cruz. Eaton chose
to compare Cruz' fingerprints with the recovered fingerprint because Cruz was also
suspected in another case where the offense was unauthorized use of a vehicle taken from
the same neighborhood. Dan Reigstad, an employee of the Longview Police Department,
testified the recovered fingerprint from the minivan matched the "No. 3 finger, which is the
right middle finger" of Cruz. Cruz did not testify at the revocation hearing and did not
present any evidence of how his fingerprint could have been inside the minivan. 
Â Â Â Â Â Â Â Â Â Â "To revoke probation, the State must prove every element of at least one ground for
revocation by a preponderance of the evidence." Pierce v. State, 113 S.W.3d 431, 436
(Tex. App.âTexarkana 2003, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 42.12,
Â§Â 21). A trial court has extremely broad discretion over the conditions of community
supervision, the revocation of community supervision, or the decision to continue a
defendant's community supervision. Pierce, 113 S.W.3d at 436. Given the unique nature
of a revocation proceeding, the general standards for appellate review of factual or legal
sufficiency challenges do not apply to a trial court's decision to revoke community
supervision. Id. (citing Cochran v. State, 78 S.W.3d 20, 27 (Tex. App.âTyler 2002, no
pet.); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.âEl Paso 2000, no pet.)). Instead, we
must determine whether the greater weight of the credible evidence creates a reasonable
belief that the defendant violated any single term of the community supervision. If so, then
we will not find the trial court abused its discretion. Pierce, 113 S.W.3d at 436. 
Â Â Â Â Â Â Â Â Â Â Here, we cannot say the trial court's finding that Cruz violated the terms and
conditions of his community supervision by committing a new offense, theft of Growden's
vehicle, is against the greater weight of the credible evidence. Accordingly, we find the trial
court's judgment is based on a reasonable belief Cruz had violated at least one condition
of his community supervision. See Briones v. State, 363 S.W.2d 466 (Tex. Crim. App.
1963). 
Â Â Â Â Â Â Â Â Â Â Because we find the great weight of the credible evidence creates a reasonable
belief Cruz violated the condition of his community supervision requiring him to "[c]ommit
no offense against the laws of Texas, any other State, or the United States," we need not
decide whether the evidence supports the trial court's finding that Cruz also violated the
other terms and conditions of his supervision as alleged in the State's motion.
Â Â Â Â Â Â Â Â Â Â We overrule Cruz' sole point of error and affirm the judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â January 10, 2005
Date Decided:Â Â Â Â Â Â Â Â Â January 25, 2005

Do Not Publish




lse"
 UnhideWhenUsed="false" Name="Colorful List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00090-CV

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  JOHNNY M. STAFFORD

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Chief Justice Morriss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Johnny M. Stafford has filed with
this Court a document styled as a request for an injunction against the
Honorable Paul Banner, with a related request for emergency relief.Â  We deem it to be a petition for writ of
mandamus.Â  Stafford has an appeal pending
before this Court which is currently awaiting a hearing on his claim of indigency.Â  Stafford
filed this petition, which was received the afternoon of August 24, asking this
Court for the emergency relief of staying the hearing on indigency,
which he states is set for August 25 at 9:00 a.m.

Â Â Â Â Â Â Â Â Â Â Â  Stafford states that he filed a
motion to recuse with the trial court.Â  He has not attached a copy of that motion or
any supporting documentation and does not indicate what action, if any, has
been taken in connection with that request.

Â Â Â Â Â Â Â Â Â Â Â  His stated reason for relief is
because ÂPlaintiff has filed as of August 22 a motion to recuse
along with this motion.Â  Judge Banner has
deliberately set the date for August 25, 2011 to block a review of the record
in order to conceal evidence in the case.ÂÂ 
Below that, Stafford has allegations and argument about illegal
procedures being used and complaints about not being able to obtain free
service of citation in lawsuits he has filed.

Â Â Â Â Â Â Â Â Â Â Â  Stafford then asserts that a writ of
mandamus would issue against the trial judge for failure to recuse
and for holding an indigency hearing in two cases at
the same time.

Â Â Â Â Â Â Â Â Â Â Â  We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy.Â  In re
Team Rocket, L.P., 256 S.W.3d 257
(Tex. 2008) (orig. proceeding).Â  The
party seeking the writ of mandamus has the burden of showing that the trial
court abused its discretion and that appeal is an inadequate remedy.Â  In re
E. Tex. Med. Ctr. Athens, 154
S.W.3d 933, 935 (Tex. App.ÂTyler 2005, orig. proceeding).Â  The general rule is that mandamus is not
available for the denial of a motion to recuseÂit may
be reviewed for abuse of discretion on appeal from the final judgment.Â  In re
McKee, 248 S.W.3d 164, 165 (Tex. 2007) (orig. proceeding) (per curiam); In re Union
Pac. Res. Co., 969 S.W.2d 427, 428Â29 (Tex. 1998) (orig. proceeding).Â  Further, the mere filing of a motion to recuse does not provide a ground for mandamus relief.Â  We will assume that the trial court will
handle this as the law dictates under the circumstances.

Â Â Â Â Â Â Â Â Â Â Â  Stafford has not provided this Court
with a record of any sort, and thus has not properly supported his petition for
writ of mandamus.Â  See Tex. R. App. P.
52.3, 52.7.Â  Further, the document is not
sworn as is required.Â  See Tex.
R. App. P. 52.3(j).Â  Even if we
treated this document as the motion for injunction as it is styled, we have the
authority to issue writs other than mandamus only as necessary to Âenforce the
jurisdiction of the court.ÂÂ  Tex. GovÂt Code Ann.
Â§Â 22.221 (West 2004).Â  The
allegations in this document do not show any such threat to our jurisdiction;
thus, the request would also fail on that ground.

Â Â Â Â Â Â Â Â Â Â Â  We
overrule the request for emergency stay and deny the petition for writ of mandamus.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  August
24, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  August
24, 2011