

# IN THE
# TENTH COURT OF APPEALS

### No. 10-10-00081-CR

**TAMMY DENISE WALLER,**

                                      **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                      **Appellee**

---

**From the 66th District Court**
**Hill County, Texas**
**Trial Court No. 33,929**

---

## MEMORANDUM OPINION

---

Appellant Tammy Denise Waller appeals the trial court's revocation of her community supervision. We will affirm the trial court's judgment.

Pursuant to a plea agreement, Waller pleaded guilty to theft ($200,000 or more), and the trial court assessed her punishment at ten years' imprisonment. Waller filed a request for shock probation, and the trial court suspended Waller's imprisonment and placed her on shock community supervision for ten years. Thereafter, the State filed a

Petition for Revocation of Probated Sentence, alleging Waller violated the terms and conditions of her community supervision as follows:

1. VIOLATION OF CONDITION(1) of the defendant's original terms and conditions of probation, to-wit: Defendant shall commit no offense against the laws of this or any State or of the United States or any other Country. Defendant shall notify the Community Supervision Officer in charge of the case within forty-eight (48) hours of being arrested and/or charged with a criminal offense, to-wit:

On or about the 25th day of September 2009, Tammy Denise Waller was arrested for Theft in the County of Wichita, State of Texas. This violation occurred after the 9th day of March 2006 and during the term of probation.

2. VIOLATION OF CONDITION (14) of the defendant's original terms and conditions of probation, to-wit: Within 365 days, attend as scheduled and successfully complete at least twenty-four (24) hours of Psycho-Social Education (D.A.M. Seminar) approved by the CSC Department. Pay tuition as assessed/required by the provider, or on/before the first class session if taken via the Hill County CSC Department, to-wit:

Tammy Denise Waller failed to pre-register for Developing Alternative Methods Seminar within thirty (30) days of 11/17/08, nor has defendant provided documentation of completing same to date. This violation occurred after the 9th day of March 2006 and during the term of probation.

3. VIOLATION OF CONDITION (2) of the defendant's amended terms and conditions of probation: Defendant shall perform an additional 240 hours of Community Service Restitution as previously ordered instead of 240 hours of detention with a five (5) hour detention time to be served 11/14/08, to-wit:

Tammy Denise Waller failed to perform 27 hours 25 minutes CSR work by the due date of 10/17/09, nor has defendant provided documentation of completing said hours to date. This violation occurred after the 9th day of March 2006 and during the term of probation.

A hearing was conducted on the State's motion, at which Waller pleaded "not true" to the allegations. At the conclusion of the hearing, the trial court found the allegations true, revoked Waller's community supervision, and assessed her punishment at ten years' imprisonment.

In two issues, Waller contends that the evidence is legally and factually insufficient to support revocation of her community supervision.

In a hearing on a motion to revoke community supervision, the State must prove by a preponderance of the evidence that a defendant violated the terms of his/her community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Id.* In a revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd).

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). We review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). If the State's proof is sufficient to prove any one of the alleged community supervision violations, the revocation should be affirmed. *Pierce*, 113 S.W.3d at 436.

The original Condition 12 of Waller's community supervision, ordered on March 9, 2006, stated:

> Defendant shall perform 320 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 10 hours per month, beginning within thirty (30) days of today's date and be responsible for any costs of supervision.

The trial court later amended the condition on November 17, 2008 as follows: "Defendant shall perform an additional 240 hours of Community Service Restitution as previously ordered instead of 240 hours of detention with a five (5) hour detention time to be served 11-14-08."

Kari Price, a Hill County Community Supervision and Corrections Department senior officer who was familiar with Waller's file and her performance on probation,[1] testified at the hearing on the State's Petition for Revocation of Probated Sentence that Waller had completed the original 320 hours of community service at the time the amended order was signed. Waller then had thirty days from the date of the amended order to begin the additional 240 hours of community service, which would have been in December 2008. Thus, ten months later on October 17, 2009, Waller should have completed 110 hours of the additional 240 hours of community service ordered (ten hours per month for eleven months),[2] which, combined with the original 320 hours of community service would have been a total of 430 hours.[3] However, on October 17, 2009, Waller had completed only 402 hours and 45 minutes of community service in

---

[1] Waller was actually being supervised by Wichita County.

[2] Based on the language of the orders, we believe that on October 17, 2009, Waller should only have completed 100 hours of the additional 240 hours of community service ordered (ten hours per month for ten months).

[3] By our calculation, the total would only have been 420 hours.

total. Therefore, on October 17, 2009, Waller was behind 27 hours and 15 minutes,[4] which was a violation of the terms of her community supervision.

Waller argues that there is no evidence that she was ever ordered to complete any amount of community service by October 17, 2009. She states that there was no start date for the community service hours ordered in the amendment and no minimum number of hours to be completed per month. However, the trial court's order amending the conditions of Waller's community supervision expressly stated, "Defendant shall perform an additional 240 hours of Community Service Restitution *as previously ordered . . . .*" (Emphasis added.) And the original order expressly stated that the community service was required to be performed "at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 10 hours per month, beginning within thirty (30) days of today's date and be responsible for any costs of supervision." Therefore, if Waller had been performing the minimum hours of community service allowed per month by the order amending the original conditions, she would have performed 100 hours of the additional 240 hours by October 17, 2009. She did not, according to Price. We thus hold that the evidence is sufficient to support the trial court's revocation of Waller's community supervision.

---

[4] By our calculation, Waller would only have been behind 17 hours and 15 minutes.

We overrule Waller's two issues and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 26, 2011
Do not publish
[CR25]