

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00135-CR

_____

**UVALDO CORTINAS-RAMIREZ,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 249th District Court
Johnson County, Texas
Trial Court No. F37143**

_____

## MEMORANDUM  OPINION

_____

Appellant Uvaldo Cortinas-Ramirez appeals the trial court's revocation of his community supervision.  We will affirm the trial court's judgment.

Pursuant to a plea agreement, Cortinas-Ramirez pleaded guilty to the offense of failure to stop and render aid.  *See* TEX. TRANSP. CODE ANN. § 550.021 (West 2011).  The trial court assessed his punishment at five years' imprisonment, but suspended the sentence and placed him on community supervision for five years.  Thereafter, the State

filed a motion to revoke Cortinas-Ramirez's community supervision, alleging he violated the terms and conditions of his community supervision as follows:

I.     UVALDO CORTINAS-RAMIREZ violated condition #1 of his/her terms and conditions of supervision, which states: "Commit no offense against the laws of this State or of any other State or of the United States…(report any arrest including traffic tickets within ten days to the supervision officer)."

A.     UVALDO CORTINAS-RAMIREZ on December 11, 2008, in Johnson County, Texas, did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with [R.O.], by touching the genitals of [R.O.], a child younger than 17 years and not the spouse of the defendant.

B.     UVALDO CORTINAS-RAMIREZ on December 11, 2008, in Johnson County, Texas, did then and there, intentionally or knowingly cause the sexual organ of [R.O.], a child who was then and there younger than 17 years of age and not the spouse of the defendant, to contact the sexual organ of the defendant.

II.     UVALDO CORTINAS-RAMIREZ violated condition #5 of the terms and conditions of community supervision, which states: "Report to the Supervision Officer as directed by the Judge or Supervision Officer and obey all rules and regulations of the Johnson/Somervell Community Supervision Department.  Report between the 1st and 10th day of each month beginning in April 2004, unless otherwise directed."

A.     UVALDO CORTINAS-RAMIREZ failed to report to his/her supervision officer each month for the months of December 2004; July and August 2005.

III.     UVALDO CORTINAS-RAMIREZ violated condition #12 of his/her conditions of supervision which states:  "Pay to and through the Johnson/Somervell County Community Supervision Department the following: (d) Restitution of $3,814.00 to be paid within 58 months at a rate of $65.76 each month on or before the 10th day of each month beginning May 2004.

A.     UVALDO CORTINAS-RAMIREZ failed to pay his/her Restitution payment of $65.76 for the months of August through December 2007; and January 2008.

IV.     UVALDO CORTINAS-RAMIREZ violated condition #13 of his/her terms and conditions of supervision which states: "The Court orders you to comply with the following additional or special conditions:" (d) Defendant is to have the Ignition Interlock System installed in any motor vehicle he/she operates, designed so that the vehicle cannot be operated if the defendant has been drinking and be responsible for all costs of the system.

B. [sic]UVALDO CORTINAS-RAMIREZ failed to install an Alcohol Interlock Device on Vehicle.

At the hearing on the motion, the State announced that it was not proceeding on the allegations in I.A. and B. Cortinas-Ramirez pleaded "not true" to the remaining allegations. The trial court found the remaining allegations to be true, revoked Cortinas-Ramirez's community supervision, and assessed his punishment at five years' imprisonment.

In his sole issue, Cortinas-Ramirez contends that the trial court abused its discretion in finding that he violated his community supervision by failing to report to his community supervision officer, failing to pay restitution, and failing to install an alcohol interlock device on his vehicle. In other words, Cortinas-Ramirez argues that the evidence is insufficient to support the trial court's findings that he violated the terms of his community supervision.

In a hearing on a motion to revoke community supervision, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of

his probation." *Id.* In a revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given to their testimony. *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd).

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). We review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). If the State's proof is sufficient to prove any one of the alleged community supervision violations, the revocation should be affirmed. *Pierce*, 113 S.W.3d at 436.

Only one witness testified at the hearing on the State's motion to revoke—Amanda Hendrick, a court officer for the Johnson County and Somervell County Adult Probation Department. She testified that she was the custodian of Cortinas-Ramirez's probation file and had reviewed it in preparation for the hearing. Regarding the allegation in IV.B., she stated that Cortinas-Ramirez was ordered to keep an ignition interlock device on any vehicle that he operated throughout the term of his probation. Cortinas-Ramirez did get an ignition interlock device on his personal vehicle, but it was learned that he also drove a 2007 Dodge dually truck for work purposes. In fact, he drove that truck to the probation department to meet with his probation officer on at least one occasion, and that vehicle did not have an ignition interlock device on it. She

did not actually see Cortinas-Ramirez driving the vehicle, but it was written in the court records that the officer did visually go out and see that the interlock was not in his truck on the day that he drove it to the probation department. Hendrick stated that the failure to equip that vehicle with an ignition interlock device was a violation of his probation.

Cortinas-Ramirez argues that the State failed to prove by a preponderance of the evidence that his vehicle did not have an interlock device as required. He states that the record is devoid of any credible evidence to support the allegation because

> [t]here was no testimony by Ms. Hendrick or any evidence otherwise presented by the State as to the date of the alleged violation, license plate, registration or owner of the vehicle being referred to, the name of any person who allegedly saw Appellant operating this vehicle, or where Appellant was even employed since the testimony referred to a "work truck".

But although Hendrick's testimony was not incredibly detailed, it is sufficient to support the trial court's finding that Cortinas-Ramirez did not have an ignition interlock system installed on a vehicle that he was operating during the term of his community supervision. *See Allbright*, 13 S.W.3d at 819 (stating that trial judge determines credibility of witnesses and weight to be given their testimony). Furthermore, having concluded that the State's proof is sufficient to prove one of the alleged community supervision violations, we overrule Cortinas-Ramirez's sole issue and affirm the trial court's judgment. *See Pierce*, 113 S.W.3d at 436.

REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Affirmed
Opinion delivered and filed November 2, 2011
Do not publish
[CR25]