

# NUMBER 13-17-00194-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SKI JAMES RODRIGUEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Ski James Rodriguez was convicted of possession of less than one gram of a controlled substance, penalty group 1, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102, 481.115(b) (West, Westlaw through 2017 1st C.S.). He argues on appeal that (1) the evidence was legally insufficient to support revocation of his community supervision, and (2) his sentence was disproportionate to the offense

committed.  We affirm.

## I.  BACKGROUND

Appellant pled guilty to possession of a controlled substance, penalty group 1, less than one gram.  *See id.* §§ 481.102, 481.115(b).  He was sentenced to two years in state jail, but the sentence was suspended and he was placed on probation for five years. One of the conditions of appellant's probation was that he "avoid injurious or vicious habits and abstain from the use of controlled substances or dangerous drugs in any form that are not prescribed by a licensed physician".  A motion to revoke appellant's community supervision was filed, and a hearing was held on February 7, 2017.  At the hearing, appellant pled true to using a controlled substance in violation of the terms of his community supervision.  Appellant was found guilty of violating his community supervision and was ordered to go to the Substance Abuse Felony Punishment Facility. Appellant then filed a motion to reconsider, and another hearing was held on March 21, 2017.  The trial court refused to grant appellant's request for a sentence of ten months in state jail but gave appellant the options of going to the Intermediate Sanction Facility, going to the Substance Abuse Felony Punishment Facility, or going to state jail. Appellant chose to go to state jail, and the trial court assessed his sentence at twenty months in state jail.  This appeal followed.

## II.  DISCUSSION

Appellant raises two issues:  (1) whether the evidence was sufficient to sustain revoking his probation, and (2) whether his sentence was disproportionate to the offense committed.

## A.  Sufficiency of the Evidence

2

### 1. Applicable Law

A plea of true alone is sufficient to support revocation of probation. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *see Burns v. State*, 835 S.W.2d 733, 735–36 (Tex. App.—Corpus Christi 1992, pet. ref'd). One sufficient ground for revocation supports an order revoking probation. *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [panel op.] 1978). A typographical error does not affect the sufficiency of an allegation so long as the other party had notice and was not misled by the mistake. *Pierce v. State*, 113 S.W.3d 431, 442 (Tex. App.—Texarkana 2003, pet. ref'd).

### 2. Analysis

Appellant pled true to the State's allegation that he used a controlled substance during his probation. His plea of true is sufficient to revoke his probation. *See Cole*, 578 S.W.2d at 128; *Jones*, 571 S.W.2d at 194–95. The case number was printed incorrectly as S-16-5033-CR as opposed to A-16-5053-CR on the State's motion to revoke community supervision. However, all other documents have the correct case number. Because appellant had notice of the correct case number and was not misled by the error, the State's application to revoke his probation was sufficient. *See Pierce*, 113 S.W.3d at 442. We conclude that there was sufficient evidence to revoke appellant's probation. We overrule appellant's first issue.

## B. Disproportionality of the Sentence

### 1. Applicable Law

The right to appeal a sentence is waived unless the party presented an objection to the trial court. *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.]

3

1997, pet. ref'd). A sentence generally will not be held excessive if it is within the limits of a valid statute for the crime. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Reviewing courts give substantial deference to statutory limits and the decision of the trial court in reviewing sentences. *Solem v. Helm*, 463 U.S. 277, 290 (1983). In reviewing sentences, courts consider proportionality to the underlying offense. *See id.* at 290–91.

### 2. Analysis

Appellant did not raise an objection to his sentence at his hearing or in a motion for a new trial. Therefore, he waived any error in the sentence. *See Solis*, 945 S.W.2d at 301. Even if he did object, his sentence of twenty months is within the statutory limit for a state jail felony. *See* TEX. PENAL CODE ANN. § 12.35(a) (West, Westlaw through 2017 1st C.S.). The sentence was not grossly disproportionate to the underlying offense. *See Solem*, 463 U.S. at 290–91; *Trevino*, 174 S.W.3d at 927–28. We overrule appellant's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of June, 2018.

4