

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00106-CR
_____

LISA FAY BELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 50079-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Lisa Fay Bell pled guilty to aggravated assault with a deadly weapon. Bell also pled true to the State's punishment-enhancement allegations but, pursuant to a plea bargain, was placed on deferred adjudication community supervision for ten years. The modified terms and conditions of Bell's deferred adjudication community supervision required her (1) "to serve a term of confinement and treatment in a Substance Abuse Felony Punishment Facility (SAFPF)" and, on release from a SAFPF, (2) to "submit to custodial supervision in a Transitional Treatment Center [(TTC)]," comply with program treatment requirements and rules, and obtain a successful discharge from the program. The State alleged that Bell failed to comply with the second modified term and moved to adjudicate her guilt. After Bell entered a written plea of true to the State's allegation, the trial court adjudicated her guilt, sentenced her to thirty years' imprisonment, and imposed a $1,000.00 fine. The trial court also ordered Bell to pay $929.50 in attorney fees for court-appointed counsel.

On appeal, Bell argues that the State's motion to adjudicate her guilt was too vague to provide her with sufficient notice of the State's claimed violation of the terms and conditions of her deferred adjudication community supervision. She also argues that the trial court erred by assessing attorney fees against her because she is indigent. We find that Bell failed to preserve any complaint about vagueness of the State's allegations. Even so, we sustain Bell's complaint about the assessment of court-appointed attorney fees and modify the trial court's judgment and bill of costs by deleting those fees. As modified, we affirm the trial court's judgment.

**I.      Bell Failed to Preserve Any Complaint About Vagueness of the State's Allegations**

The State's motion to proceed with adjudication of guilt alleged that Bell failed to comply with the term and condition of her community supervision requiring her to obey the rules of the TTC and obtain a successful discharge from the program. Specifically, the State alleged that Bell violated that term four times by committing her first and second "cardinal rule violation[s]" on April 29, 2024, committing a third "cardinal rule violation" on April 30, and being unsuccessfully discharged from the program. Bell's written plea admonishments acknowledged that she understood all the terms and conditions of her deferred adjudication community supervision and read and understood the State's motion to adjudicate her guilt. Bell then admitted that all the State's allegations in its adjudication motion were true. Now, for the first time on appeal, Bell argues that the State's allegations were too vague to provide her with written notice of the claimed violations of her deferred adjudication community supervision because the allegations did not specify what cardinal rules were violated and by what acts. *See Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015).

The State argues that Bell failed to preserve her complaint, and we agree. "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a)(1); *see Jones v. State*, 112 S.W.3d 266, 270 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.). Bell did not move to quash or otherwise clarify the allegations in the State's adjudication motion and never indicated that she did not understand the allegations against her.

Moreover, to the extent Bell raises a due-process complaint, the State argues it is meritless. "The allegations in a motion to [adjudicate guilt] do not require the same particularity of an indictment or information." *Pierce v. State*, 113 S.W.3d 431, 440 (Tex. App.—Texarkana 2003, pet. ref'd). While due process requires that the motion "clearly set out the basis on which the State seeks revocation so that a probationer and his or her counsel have fair notice," the State's adjudication motion provided sufficient notice to Bell that, at minimum, she failed to obtain a successful discharge from the TTC. *Id.* at 436. As a result, nothing indicated that Bell or her counsel did not have fair notice of the alleged violation of the modified term of her deferred adjudication community supervision. In fact, at the adjudication hearing, when the trial court asked, "Do you understand what the State is alleging you've done to violate your probation," Bell responded, "Yes, sir." During her direct examination, Bell testified that she had discussed the State's allegations involving cardinal rule violations with her counsel and had reviewed "a printout of . . . what the instances were" involving those cardinal rule violations. Bell then blamed her "anger problems" for causing the cardinal rule violations involving acts she committed against "three or four" different people while going through the TTC program. Because the record shows that Bell and her counsel had sufficient notice of the State's allegations in its revocation motion, we agree with the State's assessment that Bell's due-process complaint is meritless.

We overrule Bell's first point of error.

**II. We Modify the Judgment by Deleting Attorney Fees for Court-Appointed Counsel**

In her second point of error, Bell argues that the trial court erred by assessing attorney fees for her court-appointed counsel. Because Bell is indigent, the State asks us to modify the trial court's judgment by deleting those fees.

As a condition of her community supervision, the trial court ordered Bell to pay $1,266.50 in attorney fees. Because Bell did not object to that condition, she procedurally defaulted any challenge to the attorney fees imposed when being placed on deferred adjudication community supervision. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015).

While on community supervision, Bell paid $694.00, leaving an outstanding balance of $572.50 in attorney fees. The trial court also ordered Bell to pay $357.00 in attorney fees for her court-appointed counsel during the adjudication proceedings. The trial court added that assessment with the $572.50 outstanding balance for a total of $929.50 in attorney fees assessed by its judgment. However, because she remained indigent, the State concedes error in the assessment of the $357.00. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.); *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Because we sustain Bell's last point of error, we modify the

5

trial court's judgment and the bill of costs by deleting $357.00 in attorney fees assessed during the adjudication.

## III.    Conclusion

We modify the trial court's judgment and the bill of costs by subtracting $357.00 in attorney fees assessed during the adjudication proceedings from the total assessment of $929.50, leaving a balance of $572.50 in attorney fees.  As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     November 22, 2024
Date Decided:       November 25, 2024

Do Not Publish