

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00053-CR

---

MICHAEL DAVID YORK, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29335

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Michael David York pled guilty to possessing less than one gram of methamphetamine. On October 29, 2021, the trial court sentenced York to two years' confinement in state jail and ordered him to pay a $500.00 fine and $180.00 in reimbursement fees. Pursuant to a plea agreement with the State, York's sentence of confinement was suspended in favor of placing him on community supervision for five years.

The conditions of York's community supervision required him to, among other things, "[r]eport in person, as scheduled, to the Community Supervision and Corrections Department (CSCD) of Lamar County" and "[p]erform 250 hours of Community Service Restitution." The State moved to revoke York's community supervision on the grounds that York violated those conditions, along with failure-to-pay allegations that it later abandoned. After a revocation hearing, the trial court revoked York's community supervision and sentenced him to twenty-four months' confinement in state jail.

On appeal, York argues that the evidence is insufficient to support the trial court's finding that he violated at least one term or condition of his community supervision. York also argues that the judgment must be modified (1) to reflect that the trial court did not find the State's abandoned allegations true and (2) to replace references to Condition 10, which was not applicable to York's case, with Condition 8. We conclude that the trial court did not abuse its discretion by revoking York's community supervision but sustain York's point of error asserting that the trial court's judgment must be modified. As modified below, we affirm the trial court's judgment.

**I.     The Trial Court Did Not Abuse Its Discretion by Revoking Community Supervision**

In his first point of error, York challenges the sufficiency of the evidence supporting the trial court's decision that he violated two terms and conditions of his community supervision.

**A.     Standard of Review**

"The trial court holds very broad discretion over community supervision, its revocation, and its modification." *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd).  "Considering the unique nature of the revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing . . . sufficiency do not apply." *Id.*  Instead, we review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Hammack v. State*, 466 S.W.3d 302, 304 (Tex. App.—Texarkana 2015, no pet.); *Pierce*, 113 S.W.3d at 436.

The State's burden of proof to revoke community supervision is by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Pierce*, 113 S.W.3d at 436.  The revocation order is "supported by a preponderance of the evidence" if the "greater weight of the credible evidence . . . would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).  Assessing the witnesses' credibility "and the weight to be given their testimony" is the role of the trial court. *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd).  As a result, we "review all the evidence in the light most favorable to the trial court's judgment." *Id.*

B.      **The Revocation Proceedings**

The State filed a motion to revoke York's community supervision, raising the following allegations of violations of the terms and conditions of his community supervision:

> Condition 2.    Defendant failed to report in person, as scheduled, to the Community Supervision and Corrections Department (CSCD) of Lamar County, or the county in which [he was] permitted to reside; to wit:  June 2022.
>
> Condition 10.[1]  Defendant failed to perform 250 hours of Community Service Restitution (CSR) work, and abide by all rules of the CSR program.[2]

At the revocation hearing, Megan Mitchell, York's community supervision officer, testified that York violated Condition 2 of his community supervision by failing to report in person in June 2022.  Mitchell said that York reported in July 2022, but offered no excuse for failing to report in June.  York admitted that he did not report in person in June 2022 but claimed it was because his "vehicle broke down" and he could not get a ride.  York said that he had called Megan "several months in advance -- prior to June and told her [his] vehicle was broke[n] down."

As for the community service condition, Mitchell said that York's failure to do any community service had been "a continuing issue."  She testified, "I have asked [York] several times and he just will not do it."  As a result, Mitchell testified that she asked for a status hearing in November 2022, which resulted in explicit instructions as to how much community service York needed to perform every month, but those instructions are not in our appellate record.  Mitchell said that, since York was placed on community supervision on October 29, 2021, he

---

[1]As explained below, this should have been labeled as Condition 8.

[2]The State also asserted several failure-to-pay allegations that were abandoned.

had only completed twenty-two of the two hundred and fifty hours ordered. York admitted that he did not complete community service as ordered because he had to care for his family, including a disabled wife and daughter, had to "catch up on . . . bills," and "honestly did not have time." York added that he did not obtain another vehicle until November 2022, which made it difficult to perform community service. When asked to explain how he tried to comply with community service requirements in December 2022, York said, "I didn't on that." York testified that he did not perform community service in February 2023 because he was "[w]orking, catching up on bills."

York acknowledged that he knew what he needed to do to comply with the terms and conditions of community supervision but did "not fully" comply. After hearing this evidence, the trial court revoked York's community supervision.

### C.     Analysis

York challenges the sufficiency of the evidence to support the trial court's conclusion that he violated a term and condition of his community supervision. Specifically, he argues that there was insufficient evidence to show that he *intentionally* failed to report. We find that the State was not required to prove that York's failure to appear was intentional. We also find that the greater weight of credible evidence supported the trial court's decision because York agreed that he failed to appear as alleged by the State's revocation motion. As a result, we find that the trial court did not abuse its discretion by revoking York's community supervision.[3]

---

[3]York also argues that the evidence was not sufficient to show that he failed to complete community service as ordered because "the order imposed only a total of 250 hours to be completed at some point during the community supervision," and he still had ample time to comply with that requirement. Proof by a preponderance of the evidence as to any one of the alleged violations will support a trial court's decision to revoke community

Condition 2 of York's community supervision required York to "[r]eport in person, as scheduled, to the Community Supervision and Corrections Department (CSCD) of Lamar County." "This condition of supervision has no requirement of a specific mens rea . . . ." *Smith v. State*, 06-12-00065-CR, 2013 WL 238883, at *3 (Tex. App.—Texarkana Jan. 23, 2013, no pet.) (mem. op., not designated for publication) (citing *Cano v. State*, 01-00-01210-CR, 2001 WL 1098023 (Tex. App.—Houston [1st Dist.] Sept. 20, 2001, no pet.) (not designated for publication) (finding that State had no duty to prove voluntary or intentional conduct because motion sought to revoke for failure to report)); *see Hardy v. State*, 08-21-00076-CR, 2022 WL 1210573, at *2 (Tex. App.—El Paso Apr. 25, 2022, no pet.) (not designated for publication); *Cessac v. State*, No. 13-17-00640-CR, 2018 WL 3583744, at *2 (Tex. App.—Corpus Christi–Edinburg July 26, 2018, no pet.) (mem. op., not designated for publication) ("Generally, unless the issue in question is nonpayment of restitution or other supervisory fees, the State has no duty to prove voluntary or intentional conduct when the terms of the community supervision do not specify a mens rea."). Because the State did not have to prove an intentional failure to report, its burden was only to show, by a preponderance of evidence, that York failed to report in June 2022.

Mitchell's testimony established that York did not report to the CSCD as ordered, and York admitted his failure to report during his testimony. As a result, the "greater weight of the credible evidence . . . create[d] a reasonable belief that the defendant ha[d] violated a condition

---

supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Having found such proof to support revocation on one ground, we need not address the remaining ground for revocation. *See id.*; *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.).

of his probation." *Rickels*, 202 S.W.3d at 764. Consequently, we find that the trial court did not abuse its discretion by revoking York's community supervision. We overrule York's first point of error.

## II. We Must Modify the Trial Court's Judgment

In his last point of error, York argues that the judgment must be modified. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). The State concedes the argument, and we agree.

The State's revocation motion alleged that York violated Condition 2 (the failure to report condition), Condition 10, and Condition 30 (the failure-to-pay allegations). The reporter's record from the revocation hearing showed that the State abandoned all of the Condition 30 failure-to-pay allegations, leaving only the allegations that York violated Conditions 2 and 10. York pled not true to the allegations on the two conditions at issue, but the trial court found both allegations true.

Accordingly, in the section of the judgment labeled "Plea to Motion to Revoke," the trial court indicated that York pled not true to the allegations concerning Condition 2 and Condition 10 and noted that the State abandoned all Condition 30 violations. Even so, the judgment recites, "After hearing the State's motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court **GRANTS** the State's motion and **FINDS** Defendant violated the following

7

conditions of community supervision: **2, 10, 30, 30A, 30B, 30D AND 30E**." York argues that this portion of the judgment must be modified to remove the Condition 30 allegations, and we agree.

Also, the record shows that Condition 8 was the condition that imposed community service requirements and that Condition 10 did not apply. Therefore, York argues that the judgment should be modified to replace Condition 10 with Condition 8, and the State agrees. As a result, we sustain York's last point of error.

## III.    Disposition

We modify the "Plea to Motion to Revoke" portion of the trial court's judgment by replacing the notation that York pled not true to Conditions 2 and 10 with the notation that he pled not true to Conditions 2 and 8. We further modify the judgment by replacing the trial court's findings with the following: "Defendant violated the following conditions of community supervision: 2 and 8." As modified, we affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     November 1, 2023
Date Decided:       November 8, 2023

Do Not Publish