

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00027-CR

_____

MICHAEL HENRY COSSMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. F14877

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Michael Henry Cossman pled guilty to and was convicted of failure to register as a sex offender. While the trial court sentenced Cossman to two years' confinement in state jail and ordered him to pay a $700.00 fine and $400.00 in attorney fees, it suspended the imposition of the sentence in favor of placing Cossman on community supervision for two years. Cossman's community supervision was revoked after the trial court found true the State's allegation that he did not comply with the term requiring him to register the vehicle he was operating. As a result, the trial court imposed the previously suspended sentence, but waived the $750.00 fine, and assessed an additional $350.00 in attorney fees for Cossman's court-appointed counsel.

On appeal, Cossman argues that (1) the State failed to meet its burden of proof on the allegation contained in its revocation motion and (2) the trial court erred in assessing attorney fees for his court-appointed counsel. We find that sufficient evidence supports the trial court's finding of true on the State's allegation. However, because we conclude that the $350.00 in additional attorney fees was improperly assessed, we modify the trial court's judgment by deleting that assessment. As modified, we affirm the trial court's judgment.

**I.      The Trial Court Did Not Abuse Its Discretion in Revoking Cossman's Community Supervision**

In its decision to revoke community supervision, the trial court has broad discretion; therefore, the normal standards for reviewing the evidence do not apply. *Miles v. State*, 343 S.W.3d 908, 913 (Tex. App.—Fort Worth 2011, no pet.) (evidentiary sufficiency challenges on appeal do not apply to decision to revoke community supervision); *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). We review an order revoking community

2

supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Hammack v. State*, 466 S.W.3d 302, 304 (Tex. App.—Texarkana 2015, no pet.); *Pierce*, 113 S.W.3d at 436.

The State's burden of proof to revoke community supervision is by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763; *Pierce*, 113 S.W.3d at 436. The revocation order is "supported by a preponderance of the evidence" if the "greater weight of the credible evidence . . . would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). Assessing the witnesses' credibility and the weight to be given their testimony is the role of the trial court. *In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.) (citing *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd)). We examine the evidence in the light most favorable to the trial court's judgment. *Id.* (citing *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983)).

The terms and conditions of Cossman's community supervision required him to comply with sex-offender registration requirements. Section 62.051 of the Texas Code of Criminal Procedure contains the general registration requirements, which required Cossman to, among other things, complete a registration form that included information related to "the make, model, vehicle identification number, color, and license plate number, of any vehicle owned by the person" and "any other information required by the department." TEX. CODE CRIM. PROC. ANN. art. 62.051(c)(8), (9). Because Cossman did not own the vehicle he failed to register, he argues that the evidence was insufficient to support the trial court's revocation. We disagree.

3

At the revocation hearing, Chuck Rogers, Cossman's registration officer, testified that Cossman was required to annually report and register with the Marion County Sheriff's Office. Rogers testified that Cossman's registration requirements mandated that he register any vehicle he either owned or operated. Rogers said that he told Cossman to report a vehicle if he had access to or drove the vehicle and that Cossman initialed the imposed requirement. According to Rogers, Cossman averred on July 5, 2018, that he was driving a green 2000 Ford F-150 truck with a license plate number of 679884F.

Rogers and Brandt Smith, a trooper with the Texas Department of Public Safety, testified that Cossman was later arrested while driving a blue 1997 Ford Ranger bearing license plate number DJD1652. Rogers clarified that Cossman's failure to report that he was driving a new vehicle constituted a violation of his sex-offender registration requirements.

Cossman testified that he understood the requirement to report any vehicles operated or possessed by him. He claimed that he had reported the 1997 Ford Ranger in a letter placed in the mail slot of the Marion County Sheriff's Office. Rogers testified that he did not receive the letter.

The trial court heard ample evidence establishing that Cossman had a duty to report and register any vehicle driven by him. Although Cossman claimed he complied with the requirement by slipping a note identifying the 1997 Ford in the mail slot, the trial court was entitled to disbelieve Cossman's claim, given Rogers' testimony.

We find that the greater weight of credible evidence, viewed in the light most favorable to the judgment of revocation, created a reasonable belief that Cossman violated a term and condition of his community supervision. Accordingly, we overrule Cossman's first point of error.[1]

## II. We Modify the Judgment by Deleting the Assessment of Attorney Fees for Counsel During the Revocation Proceeding

The trial court originally assessed $400.00 in attorney fees in its judgment placing Cossman on community supervision and included payment of the fees as a term and condition of Cossman's community supervision. On revocation, the trial court also assessed $350.00 in attorney fees for Cossman's court-appointed counsel during the revocation proceedings. Cossman argues that the assessment of $750.00 in attorney fees was erroneous because he was indigent. The State concedes that Cossman was indigent and that the $350.00 assessed on revocation should be deleted.[2] However, the State argues that the $400.00 assessment must remain. We agree.

A defendant placed on community supervision may challenge for the first time on appeal the sufficiency of the evidence supporting the assessment of attorney fees in his judgment of conviction and imposed as a condition of community supervision. *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). This is because a claim of insufficient evidence to support imposition

---

[1]Cossman also argues that the evidence was insufficient to support the trial court's revocation on other grounds alleged in the State's motion. Proof by a preponderance of the evidence as to any one of the alleged violations is sufficient to support a trial court's decision to revoke community supervision. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Having found sufficient evidence to support revocation on one ground, we need not address the remaining grounds for revocation. *See id.*; *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.).

[2]The judgment placing Cossman on community supervision contained a $400.00 assessment for attorney fees. Although the judgment of revocation contained attorney fees for $350.00, the bill of costs reflects a total assessment of $750.00. Accordingly, our appellate record demonstrates that the $350.00 in the revocation judgment was a fee additional to the $400.00 originally assessed.

5

of court-appointed attorney fees is reviewable on direct appeal. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). However, even though the record reflects that Cossman was aware of the $400.00 assessment for attorney fees, which was also imposed as a term and condition of his community supervision, he did not directly appeal that issue. By choosing not to appeal the judgment placing him on community supervision, Cossman forfeited his claim, and he may not revive it in an appeal from the revocation proceeding. *See Wiley*, 410 S.W.3d at 321. Accordingly, the $400.00 assessment for attorney fees remains.

As for the additional $350.00 in attorney fees for Cossman's court-appointed counsel on revocation, "a trial court has the authority to order the reimbursement of court-appointed attorney's fees only if the court determines that a defendant has financial resources that enable him to offset the costs of the legal services provided, including any expenses and costs, whether in whole or in part." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Once a defendant is determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.).

Here, the record establishes that Cossman was indigent and contains no determination or finding by the trial court that there was a material change in Cossman's financial circumstances or that he had the financial resources to pay the additional attorney fees. Consequently, we hold that

the trial court erred in assessing attorney fees against Cossman for court-appointed counsel during revocation. We have the authority to modify a judgment and affirm it as modified if there is no reversible error. *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment by deleting the assessment of $350.00 in attorney fees for counsel appointed during the revocation proceedings.

## III.    Conclusion

As modified, we affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:      May 28, 2019
Date Decided:        June 5, 2019

Do Not Publish

7