

# NUMBER 13-19-00423-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KAYLON DOBY,                                                    Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Kaylon Doby challenges the trial court's revocation of his community supervision by two issues contending that the sentence was disproportionate to the crime committed in violation of the Eighth Amendment to the United States Constitution and that the trial court improperly overruled his objection to the State's closing argument. *See*

U.S. Const. amend. VIII. The trial court sentenced Doby to fifty years' confinement for the underlying offense of injury to a child, a first-degree felony. *See* Tex. Penal Code Ann. § 22.04. We affirm.

## I. Background

Doby pleaded guilty to injury to a child occurring on September 28, 2016, and the trial court placed him on deferred adjudication community supervision for a period of eight years. *See id*. Subsequently, the State filed a motion to revoke community supervision alleging that Doby violated the conditions of community supervision by committing a subsequent offense of injury to a child on March 5, 2019, testing positive for marihuana, failing to pay court costs and supervision fees, and failing to satisfactorily complete parenting classes. On August 15, 2019, Doby pleaded "true" to the State's allegations.[1] Based on Doby's pleas of true, the trial court found the State's allegations that Doby violated the terms of community supervision to be "true." The trial court continued the hearing.

At the continued hearing, Ada Booth, M.D., an expert on child abuse, testified concerning the March 5, 2019 injury to a child offense that Doby committed while on community supervision. Dr. Booth stated that on March 5, 2019, a mother brought her four-month old baby to the hospital with a leg injury. According to Dr. Booth, the mother informed the doctors that she had left the baby alone with Doby, who is the baby's father, and when she returned home from an errand, Doby claimed that the baby had injured its leg after becoming stuck in a swing. Dr. Booth testified that the baby's leg had been

---

[1] Doby entered into a plea agreement with the State that in exchange for his plea of true to the State's allegations, he would not be charged for the March 15, 2019 injury to a child offense and the State would recommend a twenty-five year sentence for the underlying offense.

fractured and other tests revealed that the baby also had a fractured rib, which was in the healing process. Dr. Booth stated that the baby's leg injury could not have been caused by getting its leg stuck in a swing strap as described. Dr. Booth stated that the baby "was not able to get that fracture on [its] own from like a common household accident, or a medical problem. It's not related to anything like that. It would be from trauma." Dr. Booth concluded that the baby's injuries were caused by physical abuse.

During closing, the prosecutor stated that the femur is the "hardest bone to break in the human body in a four-month old child." Doby objected on the basis that this was not presented as evidence, and the trial court overruled the objection. Doby acknowledged that he had previously pleaded "true" to the State's allegations, including that he committed the March 5, 2019 offense of injury to a child as described by Dr. Booth. The State and Doby, as previously agreed, jointly recommended that the trial court impose a sentence of twenty-five years for the September 28, 2016 offense.[2]

---

[2] The trial court admonished Doby in the writing as follows:

> Although you may plea bargain with the State for an agreed recommendation, the Court is not bound to follow any agreed recommendation you may have with the State, and you will not be allowed to withdraw your plea of true or nolo contendere if the Court does not follow the agreed recommendation. If you entered a plea of guilty or nolo contendere pursuant to a plea bargain agreement with the State when you entered your plea of guilty or nolo contendere in the original proceedings in this cause, that agreement does not carry forward to a revocation or adjudication proceeding. Therefore, if your plea is based on an agreement with the State that the State will make a specific recommendation on punishment, but the Court does not follow that recommendation, *you will not be allowed to withdraw your plea of true*.

(Emphasis in original). This admonition adheres to the Texas Court of Criminal Appeals' analysis in *Gutierrez v. State*, wherein the Court stated that "in the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13, and has not provided for withdrawal of a plea after sentencing. 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003); *see* TEX. CODE CRIM. PROC. ANN. 26.13 (setting out that when a defendant pleads guilty or nolo contendere to a charged offense pursuant to a plea agreement with the State, if the trial court rejects the plea agreement "the defendant shall be permitted to withdraw the defendant's plea of guilty or nolo contendere"); *Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) ("Even if the parties purport to have a plea bargain as to the sentence to be assessed after [an] adjudication [of guilt], the trial court is not bound by the rules that apply to plea bargains at an original sentencing; . . . once the trial court proceeds to adjudication, it is restricted in the

The trial court revoked Doby's community supervision and adjudicated him guilty of the underlying September 28, 2016 injury to a child offense. The trial court rejected the State's recommendation, and it sentenced Doby to fifty years' confinement. This appeal followed.

## II.  SENTENCE

By his first issue, Doby contends that the sentence imposed exposed him "to an unreasonable, unusual, and unconstitutional punishment" in violation of the Eighth and Fourteenth Amendments of the United States Constitution. U.S. CONST. amends. VIII, XIV. Specifically, Doby argues that he was originally placed on eight years' community supervision which is widely disproportionate to his fifty-year sentence.

### A.  Standard of Review and Applicable Law

The trial court's decision on punishment is reviewed for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Quintana v. State*, 777 S.W.2d 474, 479–80 (Tex. App.—Corpus Christi–Edinburg 1989, writ ref'd). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (explaining that a sentence will most likely not be overturned on appeal if it is assessed

---

sentence it imposes only by the relevant statutory limits."); *see also Weeks v. State*, No. 13-11-00628-CR, 2013 WL 485792, at *5 (Tex. App.—Corpus Christi–Edinburg Feb. 7, 2013, no pet.) (mem. op., not designated for publication) (explaining that the trial court need not admonish the defendant that he may withdraw his plea of true and stating "Unlike regular community supervision, 'upon violation of the deferred adjudication probations, the judges have no further obligation to comply with the plea bargains since the bargains had already been satisfied by the judges' initial sentencing.'").

4

within the legislatively determined range).

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id*. amend. XIV. This right and almost every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that failure by the appellant to object at trial meant that an argument that the sentence was grossly disproportionate to offense was not preserved); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *see also Maza v. State*, No. 13–14–00128–CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi–Edinburg June 11, 2015, no pet.) (mem. op., not designated for publication) (prohibiting the appellant from making his Eighth Amendment violation argument for the first time on appeal because the argument was not preserved as he did not object in the trial court); *Martinez v. State*, No. 13–02–508–CR, 2003 WL 22681385, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication) (determining that the appellant did not preserve his Eighth Amendment excessive sentence challenged because he did not object). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for

5

new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479 (holding defendant waived cruel and unusual punishment argument by failing to object).

## B.     Analysis

Here, Doby neither objected when the trial court pronounced the sentence, nor complained, in any post-trial motion, that the sentence was excessive or violated the Eighth Amendment. Therefore, Doby has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Doby preserved error, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.[3] *See Trevino*, 174 S.W.3d at 928. Therefore, because Doby failed to object to the sentence and the sentence is within the punishment range, we overrule Doby's first issue. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

### III.     THE STATE'S CLOSING ARGUMENT

---

[3] In his brief, Doby recognizes that his sentence is within the statutory limits and that usually a sentence within those limits does not run afoul of the constitution. However, Doby requests that we remand for a new sentencing hearing pursuant to *Solem v. Helm* arguing that because the *Solem* factors are difficult to apply, we should remand the case. *See* 463 U.S. 277, 290–91 (1983).

However, in the trial court, Doby failed to raise the *Solem* factors or present any evidence of the *Solem* factors including evidence of the sentences imposed on other criminals in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. *See id*. at 292. Thus, we are unable to perform a *Solem* analysis. *See Sullivan v. State*, 975 S.W.2d 755, 757 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.); *see also Evans v. State*, No. 13-18-00658-CR, 2019 WL 3955459, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 22, 2019, no pet.) (mem. op., not designated for publication) (relying on *Sullivan* and denying to apply *Solem* factors because the appellant failed to raise *Solem* in the trial court). In addition, Doby did not argue in the trial court that the *Solem* factors are difficult to apply as he now argues on appeal. Therefore, we reject Doby's invitation to remand for a new sentencing hearing when Doby did not preserve his *Solem* argument in the trial court. *See* TEX. R. APP. P. 33.1.

6

By his second issue, Doby contends that the trial court improperly overruled his objection to the prosecutor's statement that the femur is the hardest bone to break. Specifically, Doby claims that the trial court relied on facts not in evidence to determine his punishment.

## A.    Standard of Review and Applicable Law

"[W]e will not reverse a trial court's erroneous overruling of a defense objection [to an improper jury argument,] unless the error affected the defendant's substantial rights." *Coleman v. State*, 577 S.W.3d 623, 639 (Tex. App.—Fort Worth 2019, no pet.) (citing TEX. R. APP. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000)); *see also Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004) (providing that appellate courts apply TEX. R. APP. P. 44.2(b)'s non-constitutional harm analysis to improper jury argument). "To determine if a defendant's substantial rights were affected and if he therefore suffered harm from an improper jury argument, we consider the following factors: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of the punishment assessed absent the misconduct." *See Coleman*, 577 S.W.3d at 639 (citing *Threadgill*, 146 S.W.3d at 666–67; *Martinez*, 17 S.W.3d at 692–93; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)).[4]

## B.    Discussion

"At a hearing on an application to revoke [community supervision], guilt or innocence is not at issue, and the trial court need not determine the defendant's original

---

[4] The State concedes "that the prosecutor's passing reference to the hardness of the femur was outside the evidence presented and should not have been made." However, the State argues that "when an attorney's argument is directed to the Court, the judge need not formally sustain or overrule an objection to that argument, but should be presumed to accept and give weight to proper arguments and considerations, as well as to discount and refuse to consider improper ones." We decline to address this argument, as it is not dispositive because as we explain further below, even assuming error, it was harmless. *See* TEX. R. APP. P. 33.1; 47.1.

criminal culpability, only whether the [defendant] broke the contract made with the trial court to receive [community supervision]." *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Moreover, "[w]hen a defendant waives trial by jury and enters a plea of guilt or nolo contendere before the court to a non-capital offense, the proceedings become a unitary trial, 'that is the issues of guilt and punishment are submitted at the same time.'" *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd) (citing *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001)).

Here, we will assume for purposes of our discussion that that the prosecutor injected facts outside the record. Thus, "when considering the severity of the prosecutor's misconduct, [if any], we must examine the prejudicial effect of [the] remarks." *Coleman*, 577 S.W.3d at 639. The facts allegedly injected by the prosecutor did not relate to Doby's original criminal culpability in committing the underlying September 28, 2016 offense of injury to a child. Doby had previously pleaded guilty to this offense when the trial court placed him on deferred adjudication community supervision, and Doby's guilt of the underlying offense was not at issue here. *See Pierce*, 113 S.W.3d at 436.

The trial court's duty at this proceeding was to determine whether to revoke community supervision. *See id*. A trial court's decision to revoke community supervision is supported by a single violation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). Doby pleaded "true" to all the State's allegations admitting that he committed the March 5, 2019 offense of injury to a child and that he also tested positive for marihuana, failed to pay court costs and supervision fees, and failed to satisfactorily complete parenting classes. Thus, the trial court could have properly revoked Doby's community supervision based on Doby's

8

pleas of "true" to any of those violations. We conclude that the prosecutor's statement was mild as it did not relate to the issues before the trial court. Finally, there is nothing in the record supporting a conclusion that the punishment assessed would have been different absent the prosecutor's statement as the sentence imposed for the underlying offense was well within the punishment range for injury to a child. Accordingly, under these circumstances, we cannot conclude that Doby was harmed when the trial court overruled his objection to the prosecutor's statement. *See Coleman*, 577 S.W.3d at 639. We overrule Doby's second issue.

## IV.  CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of September, 2020.

9